Anthony J. MAGA, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 49S00–8604–CR–373.

Supreme Court of Indiana.

June 11, 1987.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Anthony J. Maga was convicted of robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1985 Repl.), and confinement, a class B felony, Ind.Code § 35–42–3–3 (Burns 1985 Repl.). The trial court sentenced Maga to concurrent fifteen year terms for each offense.

Maga presents one issue on direct appeal: whether the evidence is sufficient to support the conviction of confinement.

At trial the State showed that Robert Lockman, a Yellow Taxi driver, picked up Maga and Kathy Mefford at Art and Kay's Lounge around midnight on September 5, 1985. Mefford told Lockman to go to 409 Teddy Lane. As they approached Teddy Lane, appellant told Lockman he had missed a turn. Lockman backed up the car and turned onto a dead-end. Lockman drove to the end, stopped the cab, and told appellant the fare.

The appellant told Mefford to get out of the car. When she got out she saw Maga grab Lockman around the neck with his arm, and she ran off. Lockman testified that appellant stuck what appeared to be a gun to his head. Mefford stated that appellant had a gun with him on that night. In a later statement to the police, appellant admitted pointing a gun at Lockman.

The appellant ordered Lockman to hand over all his money. Lockman reached into his shirt pocket where he kept his money and handed it to Maga. The appellant, disgusted at the small amount of cash, asked if there was any more and threatened to shoot Lockman in the head.

Appellant then told Lockman to shut off the cab, the radio, and the interior light. He ordered Lockman to get out of the cab. Lockman got out of the car with appellant still holding him around the neck from behind. Maga took Lockman about ten or fifteen feet away and forced him to lie down under a bush. The appellant went back to search the taxi. A few minutes later he asked Lockman, "That is all the money you have, isn't it?" Lockman answered affirmatively, after which he heard what sounded like a gunshot and felt dirt hit his face. Lockman remained under the bush for ten or fifteen minutes before he left and contacted the police.

Maga argues that the evidence does not establish beyond a reasonable doubt that force or threat of force was used to remove Lockman. The information alleged that appellant "by force and threat of force" removed Lockman from the driver's seat of the taxi cab. Appellant correctly notes that the State pursued the confinement conviction under Ind.Code § 35–42–3–3(a)(2) (Burns 1986 Supp.), which reads, in part:

*Criminal Confinement.—*

(a) A person who knowingly or intentionally:

\* \* \* \* \* \*

(2) Removes another person, by ... force, or threat of force, from one [1] place to another;

commits criminal confinement, a class D felony. However, the offense is ... a class B felony if it is committed while armed with a deadly weapon....

When reviewing a sufficiency claim this Court neither weighs the evidence nor judges credibility. We consider the evidence most favorable to the judgment and draw reasonable inferences that support the verdict. This Court will affirm a conviction if a rational trier of fact could find beyond a reasonable doubt that the accused was the perpetrator of the crime. *Campbell v. State* (1986), Ind., 500 N.E.2d 174, 178; *Collier v. State* (1986), Ind., 498 N.E.2d 1219, 1220.

The evidence sufficiently establishes that force or threat of force was used when the appellant removed Lockman. Lockman testified that appellant grabbed him around the neck and strong-armed him out of the taxi cab. Mefford corroborated that testimony. She saw Maga hold Lockman in the car before she ran away. The testimony proves the use of force.

The threat of force can be established through the appearance that a person had a gun, and by the words and gestures of the person. *Simmons v. State* (1983), Ind.App., 455 N.E.2d 1143, 1147–

1148. Lockman thought that appellant had a gun pointed to his head as he held him in the car and ordered him to get out. Appellant threatened to shoot Lockman in the head and told him he was dead if that was all the money he had. Mefford testified that appellant had a gun that night and another witness said he saw appellant with a gun shortly after the robbery. These statements adequately demonstrate the threat of force.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.