**Terry W. McCURRY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8812–CR–964.

Supreme Court of Indiana.

Aug. 21, 1990.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, Felony Murder, Burglary, a Class A felony, and Robbery, a Class A felony. The trial court merged the Murder and Felony Murder counts and sentenced appellant to sixty (60) years on the Felony Murder count. He was sentenced to fifty (50) years on the Burglary count, and fifty (50) years on the Robbery count, the sentences to run consecutively.

The facts are: On December 11, 1985, appellant and his brother Jimmy Huspon, told Kenneth Edwards they were going to "hit" the house of the "sweet man" as he had a lot of money. Edwards took this to mean that they were planning to burglarize the home of a gay male. As they related this plan to Edwards, one of the brothers indicated it was the home of Boris Tom, the victim in this case.

At approximately 5:00 a.m. on December 12, 1985, the victim left his place of employment, and at approximately 5:30 that morning, Juana Scott, who was delivering the morning paper, observed three black men running from the victim's home. As they ran from the porch to where the victim's car was parked in front of the house, she observed that light was reflecting from the black jacket of one of the men. She left when the three men saw her; she observed them, however, run into the alley. She then returned to discover the victim lying face down in his doorway.

Between 10:00 and 11:00 a.m., Erma Hawes, who lived in the neighborhood, observed two men apparently enter a nearby vacant house while a third watched. She observed that two of these men appeared to be armed. One had a black jacket and another a long coat. She had her son call the police and shortly thereafter she observed them arrest what appeared to be the two men who had the guns. These two were appellant and Billy Huspon. They were arrested as they exited the house next to the vacant house. Appellant's brother was found inside the house. Although the murder was not mentioned at the time of the arrest, appellant told the police, "Billy Huspon had pulled the trigger."

When police searched the room from which appellant had emerged, they found a pair of binoculars, later identified as having belonged to the victim, a gold coin of the type the victim was known to collect, and a key to the victim's car trunk. They also found ammunition of the type used to

kill the victim. When police inspected the home of the victim, they found anti-homosexual graffiti throughout the house.

Douglas Buck, the examiner of questioned documents for the Indiana State Police Department, testified that the graffiti which was capable of analysis was written by appellant's brother. A fingerprint found on a tissue box in the victim's home was identified as that of appellant. An autopsy on the victim's body disclosed that he died from a single gunshot wound which passed through a lung, the aorta, his heart, and the liver.

■ Appellant first claims the sentence imposed was improper in that he was sentenced for both felony murder and the supporting felony. The charge of felony murder in this case was based upon the commission of the burglary of the victim's home. Appellant cites *Hicks v. State* (1985), Ind., 474 N.E.2d 987.

He also cites *Biggerstaff v. State* (1982), Ind., 432 N.E.2d 34, 37 where this Court stated:

"When an indictment for murder in a commission of a felony is filed under I.C. 35–42–1–1(2), the indictment may include an additional count for the felony itself. If the defendant is convicted of the felony murder, merger occurs and the conviction and sentencing may not occur on both counts."

Appellant is therefore correct in his observation, as is conceded by the State, that the sentence for both felony murder and burglary merge, and it was error to give a separate fifty (50) year sentence on the burglary charge. This cause will therefore be remanded to the trial court with direction to expunge the sentence of fifty (50) years for burglary.

■ Appellant claims the trial court erred when it refused to give his Tendered Instruction No. 2 concerning circumstantial evidence and instead gave its own Final Instruction on circumstantial evidence. The instant trial was the second trial of appellant, the first trial having ended in a hung jury. At the first trial, the court gave its Final Instruction No. 8, which was the same as the No. 8 given in this case,

with the exception that in the first case a paragraph was added which instructed the jury if the evidence was "entirely circumstantial."

Appellant contends this omission in the second trial was error and that the error would have been corrected if the court had given his Tendered Instruction No. 2. However, we find no objection in this record to the giving of the court's Instruction No. 8 nor does appellant claim that he called the trial court's attention to what he now claims was a fatal omission.

■ When we examine the instruction which was in fact given in this second trial, we see that the court did in fact instruct the jury that even though circumstantial evidence would be sufficient, the burden still remained with the State to prove guilt beyond a reasonable doubt. Where a subject is properly covered by a given instruction, it is not error to fail to give a tendered instruction on the same subject. *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836. In view of the language used by the court in giving its Instruction No. 8 in this case, we cannot say that the refusal to give appellant's Tendered Instruction 2 was error.

■ Appellant contends there is insufficient evidence to support the verdict. He claims the State did not sufficiently prove that he was involved in the killing and the robbery of the victim. However, when we examine the facts as recited above, it is apparent the jury was well within its prerogative in determining that appellant in fact was involved in the planning and carrying out of the crime. It is not proper for this Court to usurp the prerogative of the jury in the face of these facts. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

This case is remanded to the trial court with instructions to expunge the sentence of fifty (50) years for burglary. The trial court is otherwise affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.