**Demetrius TAYLOR, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 49S02–9810–PC–542.**

Supreme Court of Indiana.

Oct. 1, 1999.

Susan K. Carpenter, Public Defender of Indiana, Victoria Christ, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee .

## ON PETITION TO TRANSFER

DICKSON, J.

The defendant, Demetrius Taylor, was convicted of rape, a class A felony;[1] criminal confinement, a class B felony;[2] and burglary, a class B felony.[3] The defendant appealed, and the Court of Appeals affirmed in a memorandum decision. The defendant thereafter sought post-conviction relief, which was denied, and the de-fendant appealed. The Court of Appeals reversed. *Taylor v. State*, 699 N.E.2d 270 (Ind.Ct.App.1998). We granted the State's petition to transfer.

■ On transfer, we review the claims as presented to the Court of Appeals. Ind. Appellate Rule 11(B)(3). We will affirm a denial of post-conviction relief unless the defendant establishes that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision. *Woods v. State*, 701 N.E.2d 1208, 1210 (Ind.1998). Although conclusions of law receive no deference on appeal, *id.*, as to factual matters, we examine only the probative evidence and reasonable inferences that support the post-conviction court's determination and do not reweigh the evidence or judge the credibility of the witnesses, *Butler v. State*, 658 N.E.2d 72, 75 (Ind.1995); *Lowery v. State*, 640 N.E.2d 1031, 1037 (Ind.1994).

In this appeal from the denial of post-conviction relief, the defendant seeks relief on two grounds. He first alleges that a deputy prosecuting attorney and a state's witness improperly commented on his silence after he was arrested and given *Miranda* warnings. Second, he contends that his sentences for both rape and criminal confinement violate the federal and state Double Jeopardy Clauses. The defendant asserts that these two grounds each constitute fundamental error and, alternatively, that they result from the ineffective assistance of appellate counsel.

The post-conviction court determined that the issue regarding comment on post-arrest silence, to the extent that it was raised on direct appeal as a matter of prosecutorial misconduct, was barred by the doctrine of *res judicata*, and that, to the extent that it may not have been raised on direct appeal as a violation of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49

---

1. IND.CODE § 35–42–4–1 (1988).

2. IND.CODE § 35–42–3–3 (1988).

3. IND.CODE § 35–43–2–1 (1988).

L.Ed.2d 91 (1975), it was procedurally defaulted and does not constitute fundamental error. As to the double jeopardy claim, the post-conviction court addressed the merits, finding that the victim's trial testimony clearly established circumstances showing a confinement beyond that inherent in the force used to effectuate the rape, and concluded that the two convictions did not violate double jeopardy principles. The post-conviction court also concluded that the defendant did not receive ineffective assistance of appellate counsel.

### 1. Comment on Post–Arrest Silence

The defendant contends that the post-conviction court erred in rejecting his claims that the State improperly referred to the defendant's post-arrest, post-*Miranda* silence. To support his claim, he identifies four instances in the trial record. In the first incident, the defendant's objection was sustained, and the State withdrew the question. The trial court then admonished the jury that "each person has a right not to testify or discuss anything with the lieutenant or anyone else" and instructed the jury to disregard the offensive question. Record at 452. As to the other claimed incidents, objections were overruled. In his direct appeal, these instances were presented to support a claim of prosecutorial misconduct, but the defendant's appellate counsel did not specifically claim a *Doyle* violation in the State's attempts to use his post-arrest, post-*Miranda* silence to impeach his testimony that the victim had consented to sexual intercourse. In the post-conviction proceedings, the defendant asserted that the State's attempts to use his post-*Miranda* silence to impeach his consent defense denied him the constitutional rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.[4] He argues that this constitutes fundamental error and thus should not be subject to

procedural default for his failure to assert the claim on direct appeal.

A fundamental error is a substantial, blatant violation of basic principles of due process rendering the trial unfair to the defendant. *Baird v. State,* 688 N.E.2d 911, 917 (Ind.1997); *Collins v. State,* 567 N.E.2d 798, 801 (Ind.1991); *Wilson v. State,* 514 N.E.2d 282, 284 (Ind. 1987). A *Doyle* claim *may* constitute fundamental error. *Wilson,* 514 N.E.2d at 284. However, demonstrating the denial of any specific constitutional right does not alone resurrect a forfeited claim. *Baird,* 688 N.E.2d at 917. *See also Brady v. State,* 575 N.E.2d 981, 987 (Ind.1991) (right to meet witnesses face to face); *Brockway v. State,* 502 N.E.2d 105, 108 (Ind.1987) (admission of defendant's statement upon arrest); *Reynolds v. State,* 460 N.E.2d 506, 508 (Ind.1984) (right to be present when trial court communicates with deliberating juror); *Crosson v. State,* 274 Ind. 247, 249, 410 N.E.2d 1194, 1195 (1980) (defendant's right not to testify); and *Malo v. State,* 266 Ind. 157, 162, 361 N.E.2d 1201, 1204–05 (1977) (alleged improper comment upon Fifth Amendment privilege to remain silent).

We have emphasized the narrow applicability of the fundamental error doctrine. *See, e.g., Coleman v. State* 703 N.E.2d 1022, 1036 (Ind.1998) (applies to only the most blatant denials of elementary due process); *Ford v. State,* 704 N.E.2d 457, 461 (Ind.1998) (available only when there are blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied); *Stevens v. State,* 691 N.E.2d 412, 420 n. 2 (1997) ("should be a rare, rather than merely an alternative, claim"); *Barany v. State,* 658 N.E.2d 60, 64 (Ind.1995) (it must be so prejudicial to the rights of a

---

4. The defendant also contends that he was denied rights under Article I, Sections 12, 13, 14, and 23 of the Indiana Constitution, but fails to provide independent argument of these state constitutional claims. Conse-

quently, these state constitutional claims are deemed forfeited. *Haviland v. State,* 677 N.E.2d 509, 513 n. 2 (Ind.1997); *St. John v. State,* 523 N.E.2d 1353, 1355 (Ind.1988).

defendant as to make a fair trial impossible). This Court recently directed:

> [W]e view this exception [the fundamental error doctrine] as an extremely narrow one, available only "when the record reveals clearly blatant violations of basic and elementary principles [of due process], and the harm or potential for harm [can]not be denied." *Warriner v. State*, 435 N.E.2d 562, 563 (Ind.1982). While concerns over due process do sometimes merit invocation of a fundamental error exception to the contemporaneous objection rule *on direct appeal*, we think its availability as an exception to the waiver rule in post-conviction proceedings is generally limited to those circumstances we set forth in *Bailey v. State*, 472 N.E.2d 1260, 1263 (Ind.1985): "[D]eprivation of the Sixth Amendment right to effective assistance of counsel, or ... an issue demonstrably unavailable to the petitioner at the time of his [or her] trial and direct appeal."

*Canaan v. State* 683 N.E.2d 227, 235–36 n. 6 (Ind.1997).

Considering the context and marginal significance of the incidents that comprise the defendant's *Doyle* claim, the substance of the trial court's admonishing remarks to the jury, and the strong evidence of guilt, we find both that the record does not reveal a clear, blatant violation of basic and elementary principles of due process and that the claimed resulting harm to the defendant is doubtful. We thus decline to apply the fundamental error exception to the rule of procedural default.

■ The defendant next claims that this issue is available for review because he was denied the right to counsel due to appellate counsel's constitutionally deficient performance in failing to raise the *Doyle* claim. We review claims of ineffective assistance of appellate counsel using the same standard applicable to claims of trial counsel ineffectiveness. *Lowery*, 640 N.E.2d at 1048. Thus, the defendant must establish: (1) that appellate counsel's performance failed to meet an objective standard of reasonableness under prevailing professional norms at the time of trial; and (2) that the deficient performance constituted a "breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable." *Coleman v. State*, 694 N.E.2d 269, 272 (Ind.1998); *Lockhart v. Fretwell*, 506 U.S. 364, 369–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). The failure to establish either prong will cause the claim to fail. *Brown v. State*, 698 N.E.2d 1132, 1142 (Ind.1998). In this case, neither prong is shown.

■ Ineffectiveness is rarely found when the issue is failure to raise a claim on direct appeal. *Bieghler v. State*, 690 N.E.2d 188, 193–94 (Ind.1997). " 'The decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel.' " *Id.* (quoting Lissa Griffin, *The Right to Effective Assistance of Appellate Counsel*, 97 W. Va. L.Rev. 1, 26 (1994)). We give considerable deference to appellate counsel's strategic decisions and will not find deficient performance in appellate counsel's choice of some issues over others when the choice was reasonable in light of the facts of the case and the precedent available to counsel at the time the decision was made. *Bieghler*, 690 N.E.2d at 194. We review the totality of appellate counsel's performance to determine whether the defendant received constitutionally adequate assistance. *Id.* The defendant's brief on direct appeal presented seven issues, which the Court of Appeals consolidated and addressed as follows: (1) error in waiving the defendant to adult court; (2) error in admitting the victim's tape-recorded statement; (3) prosecutorial misconduct in using the defendant's post-*Miranda* silence for impeachment; (4) error in allowing one of the State's chief witnesses to remain in the courtroom after granting a separation order; and (5) insufficient evidence. Considering appellate counsel's performance in

its totality, we find that it did not fall below an objective standard of reasonableness under prevailing professional norms.[5]

Independent of our conclusion that the performance of appellate counsel was not deficient, we further find that the failure specifically to include and separately to assert the *Doyle* claim on direct appeal did not result in a fundamentally unfair proceeding or an unreliable outcome. As previously noted in our discussion of the defendant's claim of fundamental error on this issue, we find that the nature and significance of the alleged comments on post-arrest silence was minimal, that the trial court promptly made curative admonishing remarks to the jury, and that other evidence clearly established the defendant's guilt. Accordingly, the failure of the defendant's appellate counsel to explicitly present a *Doyle* claim did not result in either a fundamentally unfair proceeding or an unreliable result.

## 2. Double Jeopardy

■ The defendant contends that the post-conviction court erred in rejecting his claim that his sentences for both rape and criminal confinement violate the federal and state Double Jeopardy Clauses. The defendant acknowledges that this Court has determined that the federal prohibition against double jeopardy "does not prohibit sentences similar to those imposed here." Brief of Appellant at 35. He argues, however, that the double jeopardy protections provided under Article I, Section 14 of the Indiana Constitution are greater and prohibit his sentences for criminal confinement and rape. This issue

was not presented on direct appeal, but was first asserted in the defendant's petition for post-conviction relief. With our opinion today in *Richardson v. State*, 717 N.E.2d 32 (Ind.1999), this Court, confronting a body of case law characterized by substantial inconsistencies and seeking to synthesize common elements, formulated a new methodology for analysis of claims under the Indiana Double Jeopardy Clause. We find that this formulation constitutes a new constitutional rule of criminal procedure, and thus is not available for retroactive application in post-conviction proceedings. *Daniels v. State*, 561 N.E.2d 487, 489 (Ind.1990).[6]

■ The defendant also contends that his appellate counsel's failure to raise his double jeopardy · claim on direct appeal constitutes ineffective assistance of counsel. We disagree. As noted above, considering appellate counsel's performance in its totality, we find that it did not fall below an objective standard of reasonableness under prevailing professional norms.

■ We further find no fundamental error to avoid the application of procedural default resulting from the defendant's failure to claim any violation of the Indiana Double Jeopardy Clause in his direct appeal.[7] The facts adduced at trial demonstrate that the defendant, carrying a knife, was waiting in the victim's apartment when she entered; that he forced her at knife-point into her bedroom, where he had intercourse with her, all the while using the knife to control her behavior.

5. Because we find appellate counsel's representation to be adequate, we need not address whether the defendant's alleged *Doyle* claim would have been successful, if presented. We note, however, that in light of the trial court's curative admonitions, the defendant's trial strategy that in part invited a portion of the claimed error, and the strong evidence of the defendant's guilt, it is likely that the *Doyle* claim would have been denied either on its merits or as harmless beyond a reasonable doubt.

6. We likewise find that the *Richardson* formulation does not fall within the exceptions to the non-retroactivity of new rules. *See Daniels*, 561 N.E.2d at 490.

7. We decline to apply prior summary declarations that violations of double jeopardy rights constitute fundamental error. *See, e.g., Hobson v. State*, 675 N.E.2d 1090, 1094 (Ind. 1996). The issue of fundamental error is better determined on a case by case basis. Prior authority to the contrary is disapproved.

Afterwards, still wielding the knife, he led her around the apartment, looking for money or other valuables and threatening her about calling the police. Based upon this evidence, there was a clear basis for convicting the defendant for a separate, independent confinement after the rape. We find neither a clear, blatant violation of basic and elementary principles of due process nor resulting harm.

## Conclusion

The judgment of the post-conviction court upholding the defendant's convictions is affirmed.

SHEPARD, C.J., and SELBY, and BOEHM, JJ., concur. SULLIVAN, J., concurs in result.