Terry McCURRY, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A04–9811–PC–572.

Court of Appeals of Indiana.

Nov. 9, 1999.

Transfer Denied Jan. 18, 2000.

Susan K. Carpenter, Linda G. Nicholson, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

OPINION

RATLIFF, Senior Judge

*STATEMENT OF THE CASE*

Petitioner–Appellant Terry W. McCurry a/k/a Terry Huspon ("McCurry") appeals the denial of his petition for post-conviction relief.

We affirm.

*ISSUES*

McCurry raises three issues for our review, which we restate as:

I. Whether the post-conviction court erred in determining that McCurry was not entitled to relief on his double jeopardy claim.

II. Whether the post-conviction court erred in determining that McCurry was not entitled to relief on his claim of sentencing error.

III. Whether the post-conviction court erred in determining that McCurry was not entitled to relief on his claim that trial counsel was ineffective for failure to call certain alibi witnesses.

*FACTS AND PROCEDURAL HISTORY*

On April 19, 1988, a jury found McCurry guilty of the felonies of murder and felony murder; burglary, a Class A felony; and robbery, a Class A felony. The trial court merged the murder conviction into the felony murder conviction and imposed sixty years on the felony murder conviction, fifty years on the burglary conviction, and fifty years on the robbery conviction. The trial court ordered that the sentences be served consecutively to each other and to an eight year sentence for battery imposed in Cause No. CR85–253D.

On direct appeal, our supreme court vacated the burglary conviction because "[t]he charge of felony murder in this case was based upon the commission of the burglary of the victim's home." *McCurry v. State*, 558 N.E.2d 817, 819 (Ind.1990). Consequently, the court remanded the

case to the trial court with directions to expunge the sentence of fifty years for burglary. *Id.*

McCurry filed a *pro se* petition for post-conviction relief, which was subsequently amended by counsel. The post-conviction court denied McCurry's petition. In doing so, the court identified the determinative issues as whether appellate counsel rendered effective assistance of counsel and whether fundamental error occurred. McCurry now appeals.

## DISCUSSION AND DECISION
### STANDARD OF REVIEW

■ A post-conviction petition under Ind. Post–Conviction Rule 1 is a quasi-civil remedy, and, as such, the petitioner bears the burden to prove by a preponderance of the evidence that he or she is entitled to relief. *See Mato v. State,* 478 N.E.2d 57, 60 (Ind.1985); P–C.R. 1, § 5. The judge who presides over a post-conviction hearing possesses exclusive authority to weigh the evidence and determine the credibility of the witnesses. *Stewart v. State,* 517 N.E.2d 1230, 1231 (Ind.1988). Therefore, upon review of a denial of post-conviction relief, the appellate court will not set aside the post-conviction court's ruling unless the evidence is without conflict and leads solely to a result different from that reached by the post-conviction court. *Id.* In making this determination, we consider only the evidence that supports the decision of the post-conviction court together with any reasonable inferences. *McCullough v. State,* 672 N.E.2d 445, 447 (Ind. Ct.App.1996), *trans. denied,* 683 N.E.2d 578 (Ind.1997).

### I. DOUBLE JEOPARDY

McCurry contends that the trial court violated the double jeopardy prohibition of the Indiana constitution. Specifically, he contends that the court erred in imposing sentences for both felony murder and robbery elevated to a Class A felony on the basis of the murder. McCurry presents this error on the basis of *per se* fundamental error and ineffectiveness of appellate counsel.

■ Our review of recent supreme court cases discloses that McCurry would prevail on direct appeal on this issue. *See Richardson v. State,* 717 N.E.2d 32 (Ind.1999), and its progeny. However, the rule announced in *Richardson* is "a new constitutional rule of criminal procedure, and thus is not available for retroactive application in post-conviction proceedings." *Taylor v. State,* 717 N.E.2d 90 (Ind. 1999). Furthermore, our supreme court declines "to apply prior summary declarations that violations of double jeopardy rights constitute [*per se*] fundamental error." *Id.* at 95, n. 7. The court is of the opinion that "fundamental error is better determined on a case by case basis." *Id.*

■ It is apparent from *Taylor* that in the circumstances of this case, we may grant McCurry's petition only upon a showing of ineffective assistance of appellate counsel. We review claims of ineffective assistance of appellate counsel under the same standard applicable to claims of trial counsel ineffectiveness. *Taylor,* at 94 (*citing Lowery v. State,* 640 N.E.2d 1031, 1048 (Ind.1994), *cert. denied,* 516 U.S. 992, 116 S.Ct. 525, 133 L.Ed.2d 432 (1995)). We evaluate such claims using the two-part test articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Coleman v. State,* 694 N.E.2d 269, 272 (Ind.1998). First, the appellant must show that counsel's performance fell below an objective standard of reasonableness. *Id.* Second, the appellant must show that the deficiencies in counsel's performance were prejudicial. *Id.* Prejudice exists when "the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable." *Id.* We presume that counsel's performance has met the objective standard of reasonableness; to prevail, the appellant must rebut this presumption with strong and convincing evidence. *Barany v. State,* 658 N.E.2d 60, 65 (Ind.1995). Evidence of isolated poor strategy, inexperience or bad tactics

will not support a claim of ineffective assistance of counsel. *Coleman,* 694 N.E.2d at 273.

Ineffectiveness of counsel is rarely found when the issue raised in a petition for post-conviction relief is that appellate counsel failed to raise a particular claim on direct appeal. *Taylor,* at 94–95 (*citing Bieghler v. State,* 690 N.E.2d 188, 193–94 (Ind.1997), *cert. denied,* — U.S. ——, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998)). This is because "[t]he decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel." *Id.* (*quoting* Lissa Griffin, *The Right to Effective Assistance of Appellate Counsel,* 97 W. Va. L.Rev. 1, 26 (1994)).

The issue raised by McCurry was decided by our supreme court in *Games v. State,* 684 N.E.2d 466 (Ind.1997), *modified on reh'g,* 690 N.E.2d 211. In *Games,* the court held:

> In the case at bar, the defendant was convicted of Murder, Robbery as a Class A felony, Conspiracy to Commit Robbery and Conspiracy to Commit Battery. His first and second claims are that double jeopardy prevents his convictions for Murder and Robbery and/or Robbery as a Class A felony. The murder statute, as it appeared in 1983, provided, in pertinent part, "A person who: knowingly or intentionally kills another human being; ... commits murder, a felony." Ind.Code 35–42–1–1(1) (1982). In 1983, the robbery statute provided, in pertinent part that a person commits robbery as a Class C felony, if he "knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear." Ind.Code 35–42–5–1 (1982). It is a Class A felony if the robbery results "in either bodily injury or serious bodily injury to any person other than a defendant." *Id.* It is clear that each statute

requires proof of an additional fact which the other does not: Murder requires a knowing or intentional killing; Class A Robbery requires that property be taken, resulting in some type of bodily injury to a person other than the defendant. Accordingly, we find no double jeopardy violation and, therefore, as to this claim, the defendant has failed to establish prejudice suffered as a result of appellate counsel's failure to raise this issue.

*Id.* at 477.

Our examination of the murder and robbery statutes as they appeared at the time of McCurry's sentencing discloses that they do not differ in any significant part from the statutes examined in *Games.*[1] Furthermore, the felony murder provision of the statute has not changed, and the felony murder rule applied to McCurry because the murder occurred during the commission of the underlying felony of burglary. *See Sheckles v. State,* 501 N.E.2d 1053, 1056 (Ind.1986) (holding that the elements of felony murder are the killing of another human being while committing or attempting to commit the underlying felony). It is clear that the murder statute defining felony murder and the robbery statute require the same additional facts noted by the court in *Games.* Accordingly, we must apply *Games* to this case and find that McCurry was afforded effective assistance of appellate counsel.

McCurry cites *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), in support of his contention. *Harris* stands for the proposition that a conviction of the lesser offense of robbery with firearms could not stand under the Double Jeopardy Clause when that offense constituted the supporting felony for a greater conviction of felony murder. The facts of *Harris* are inapposite; robbery in this case is not the supporting felony for the felony murder conviction.

1. P.L. 186–1984, Sec. 1, substituted, in the second sentence of the robbery statute, "or results in bodily injury to any person other than a defendant, and a Class A felony if it results in" for "and a Class A felony if it results in either bodily injury or."

McCurry cannot avail himself of the new procedural rule announced in *Richardson.* Furthermore, he has failed to establish either fundamental error or ineffective assistance of appellate counsel.

## II.  SENTENCING ERROR

▮▮  As stated previously in this opinion, the trial court ordered that the sentences in this matter be served after the conclusion of an eight year sentence for battery imposed by another court in Cause No. CR85–253D.  McCurry contends that trial counsel was ineffective in not objecting to the trial court's sentencing.  He further contends that appellate counsel was ineffective in not raising the propriety of the sentence on direct appeal.  We address this issue as a question of effectiveness of appellate counsel.

▮▮▮  Our supreme court has recognized that the Seventh Circuit's performance analysis of a claim of ineffectiveness based on appellate counsel's failure to raise an issue on direct appeal is consonant with our "performance prong jurisprudence." *Bieghler,* 690 N.E.2d at 194. The Seventh Circuit's performance analysis requires, first, that we determine whether the unraised issues were significant and obvious upon the face of the record.  *Id. (citing Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986)).  If so, we are to compare these unraised obvious issues to those raised by appellate counsel, finding deficient performance "only when ignored issues are clearly stronger than those presented." *Id. (quoting Gray).*  If this analysis demonstrates deficient performance by counsel, we then examine under the prejudice prong whether "the issues which ... appellate counsel failed to raise, would have been clearly more likely to result in reversal or an order for a new trial." *Id. (quoting Gray,* 800 F.2d at 647).  Under this approach, we must "be particularly sensitive to the need for separating the wheat from the chaff in appellate advocacy, and should not find deficient performance when counsel's choice of some issues over others was reasonable in light of the facts of the case and the prece-

dent available to counsel when that choice was made." *Id. (citing Mason v. Hanks,* 97 F.3d 887, 894–97 (7th Cir.1996) for its review of relevant precedent decided before appellant's trial and direct appeal to determine whether the omitted issue was "one of considerable substance").

▮▮  In support of his contention, McCurry cites a series of cases interpreting Ind.Code § 35–50–1–2, beginning with *Kendrick v. State,* 529 N.E.2d 1311 (Ind. 1988), and ending with *Watkins v. State,* 588 N.E.2d 1342 (Ind.Ct.App.1992).  As stated above, only the precedent available to appellate counsel at the time of the direct appeal is relevant to our determination of whether counsel was ineffective. Thus, any case handed down after July 17, 1989, the date on which McCurry's appellate brief was filed, is inapplicable.

Our reading of *Kendrick* discloses that the language relied upon by McCurry is *dicta.*  Furthermore, our review of other pertinent cases discloses that Ind.Code § 35–50–1–2 had been "the subject of much confusion and litigation" at the time that McCurry filed his appellate brief on direct appeal and that "[w]hen a court must impose a consecutive sentence pursuant to subsection (b) as opposed to when it may impose a consecutive sentence pursuant to subsection (a) has not been made entirely clear." *See Arnold v. State,* 539 N.E.2d 969, 973 (Ind.Ct.App.1989), *trans. denied.*

The interpretation of Ind.Code § 35–50–1–2 was anything but obvious at the time appellate counsel filed McCurry's brief on direct appeal.  Accordingly, we do not find that appellate counsel was ineffective for not challenging the trial court's order that the beginning of the sentence in this matter be delayed until the conclusion of the sentence in Cause No. CR85–253D.  In addition, we conclude that there is no fundamental error under these facts.

## III. ALIBI WITNESSES

▮▮  McCurry contends that trial counsel was ineffective for not calling McCur-

ry's cousin, aunt, and mother as alibi witnesses. McCurry further contends that appellate counsel was ineffective for not raising the issue of trial counsel's alleged ineffectiveness on direct appeal.

■■■■ In his affidavit, trial counsel states that he "was aware of family members who could say where McCurry was several hours before and shortly after the murder." (R. 113). Trial counsel further states that he "chose not to call them as witnesses however, because none of them could say for certain where McCurry was at the actual time of the murder." *Id.* We give deference to strategy decisions by trial counsel. *Whitener v. State,* 696 N.E.2d 40, 42 (Ind.1998). We look to the totality of the circumstances when evaluating claims of ineffective assistance of trial counsel, and isolated strategy decisions do not necessarily amount to ineffectiveness. *Lawrence v. State,* 464 N.E.2d 1291, 1294–95 (Ind.1984). We cannot say that trial counsel was ineffective in refusing to call alibi witnesses who could not testify to McCurry's whereabouts at the time the offenses were committed.

### CONCLUSION

We are constrained to agree with the post-conviction court that McCurry's petition for post-conviction relief must be denied.

Affirmed.

RILEY, J., and ROBB, J., concur.