**Kevin L. HAMPTON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 84A04–1002–PC–122.**

Court of Appeals of Indiana.

Nov. 16, 2010.

Rehearing Denied Jan. 14, 2011.

---

Susan K. Carpenter, Public Defender of Indiana, Jonathan O. Chenoweth, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

GARRARD, Senior Judge.

Kevin Hampton appeals the denial of his petition for post-conviction relief. He contends he was denied the effective assistance of appellate counsel because his appellate counsel failed to argue error in the trial court's ruling on a final instruction.

A jury convicted Hampton of the rape and murder of D.L. A vaginal swab taken from D.L. indicated the presence of semen. As a result, a DNA profile was developed and entered into the FBI's national index system. Later, the FBI found that Hampton's DNA matched the profile, and he was charged with the crimes. *See Hampton v. State*, 873 N.E.2d 1074, 1077 (Ind.Ct.App. 2007).

At the conclusion of the trial, the court instructed the jury:

> Direct evidence means evidence that directly proves a fact, and that, if true, conclusively establishes that fact.
>
> Circumstantial evidence means evidence that proves a fact from which you may conclude the existence of (an)other fact(s).
>
> It is not necessary that facts be proved by direct evidence. Both direct and circumstantial evidence are acceptable as a means of proof.

Post–Conviction Exhibit Volume p. 12.

This instruction followed the language of Indiana Pattern Jury Instruction (Crimi-

nal) 12.01 (2d ed.1991) but omitted the last sentence of the pattern instruction which says, "Where proof of guilt is by circumstantial evidence only, it must be so conclusive in character and point so surely and unerringly to the guilt of the accused as to exclude every reasonable theory of innocence." The defendant objected to the court's instruction, contending that it should contain the omitted sentence.[1] On direct appeal, counsel for Hampton did not assign this instruction and Hampton's objection as prejudicial error.

■ The standard for reviewing a claim of ineffective assistance of counsel is well established. It contains two prongs. First, the defendant must show a level of representation that fell below an objective standard of reasonableness. Second, he must show prejudice, that is to say, a reasonable probability that, but for the errors, the result of the proceeding would have been different. These components are distinct. Thus, if it is easier to dispose of such a claim on the ground that there is insufficient prejudice, that course should be followed. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984); *Woods v. State*, 701 N.E.2d 1208, 1224 (Ind.1998).

■ It has long been recognized that the instructions are to be read as a whole. There is no prejudicial error where the subject matter of a refused instruction is covered by other instructions given by the court. *Hoover v. State*, 268 Ind. 566, 573, 376 N.E.2d 1152, 1156–1157 (Ind.1978); *McCurry v. State*, 558 N.E.2d 817, 819 (Ind.1990).

■ In Hampton's case, the trial court additionally instructed the jury:

The burden is upon the State of Indiana to prove beyond a reasonable doubt that the Defendant is guilty of the crimes charged. It is a strict and heavy burden. The evidence must overcome any reasonable doubt concerning the Defendant's guilt. But it does not mean that a Defendant's guilt must be proved beyond all possible doubt. A reasonable doubt is a fair, actual and logical doubt based upon reason and common sense. A reasonable doubt may arise either from the evidence or from a lack of evidence. Reasonable doubt exists when you are not firmly convinced of the Defendant's guilt, after you have weighed and considered all the evidence. A Defendant must not be convicted on suspicion or speculation. It is not enough for the State to show that the Defendant is probably guilty. On the other hand, there are very few things in this world that we know with absolute certainty. The State does not have to overcome every possible doubt. The State must prove each element of the crimes by evidence that firmly convinces you and leaves no reasonable doubt. The proof must be so convincing that you can rely and act upon it in this matter of the highest importance. If you find that there is a reasonable doubt that the Defendant is guilty of the crimes, you must give the Defendant the benefit of that doubt and find the Defendant not guilty of the crime under consideration.

Trial Tr. pp. 1201–1202.

■ The notion of excluding the reasonable theory (or hypothesis) of innocence where the evidence is wholly circumstantial is simply a way of restating the "proof beyond reasonable doubt" standard. *Nichols v. State*, 591 N.E.2d 134, 136 (Ind. 1992). The trial court's instruction on proof beyond a reasonable doubt, quoted above, nicely covered the issue and ren-

1.  The objection was not concise, but we find     it was adequate to raise the issue.

dered harmless any potential error concerning the necessary proof where the evidence is purely circumstantial. Indeed, we find the court's instruction to be more helpful to the jury in correctly understanding the law than a statement about excluding all reasonable hypotheses (or theories) of innocence. *See McCurry v. State,* 558 N.E.2d 817, 819 (Ind.1990) (determining that the trial court properly instructed the jury on circumstantial evidence where the trial court informed the jury that the burden still remained with the State to prove guilt beyond a reasonable doubt).

It follows that there was no error in omitting the requested sentence and, accordingly, appellate counsel did not fail to provide effective assistance.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.