## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 23 2020, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anna Onaitis Holden
Zionsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leonard Booker,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

October 23, 2020

Court of Appeals Case No.
19A-CR-2817

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1804-MR-11747

**May, Judge.**

[1] Leonard Booker appeals his conviction of Level 2 felony voluntary manslaughter.[1] He argues the trial court abused its discretion when it admitted a confession to the shooting that he made to one of the officers on scene. He claims the confession was illegally obtained because police had not advised him of his rights in accordance with *Miranda v. Arizona*[2] before obtaining his confession. We affirm.

# Facts and Procedural History

[2] On April 6, 2018, Booker and his family celebrated Booker's birthday with a party at Booker's house. Booker became intoxicated as the day progressed. Late in the afternoon, he went into the garage and started "screaming and fussing" at his wife, Tonya, about a business they operated together. (Tr. Vol. II at 148.) Others at the party attempted to calm down Booker, but were unsuccessful.

[3] Around 8:00 p.m., Tonya's biological son and Booker's stepson, David Starks, arrived at Booker's home. Booker was "on the floor . . . counting his money" and people were "still trying to calm him down." (*Id*. at 151.) Shortly after Starks arrived, Booker gave Starks some money and asked him to purchase a bag of ice. Starks did so, and he returned with his friend, Jeremy White.

---

[1] Ind. Code § 35-42-1-3.

[2] 384 U.S. 436 (1966), *reh'g denied*.

Booker was still upset about the business he ran with Tonya when Starks returned, and Starks asked him to "calm down." (*Id*. at 154.) Starks told Booker that Booker was "disrespecting [his] mother[.]" (*Id*. at 184.) A physical confrontation between Booker and Starks ensued.

[4] Booker attacked Starks and "grabbed [Starks] up by his hoodie." (*Id*. at 229.) Starks tried to punch Booker and instead "nick[ed] him in the chin [be]cause [Starks' sister] blocked it." (*Id*. at 230.) Booker said he was "going to kill the mother fucker" and Starks left the house. (*Id*. at 235.) Starks' partner, Breanna Harney, ran outside after him. Booker followed Starks and Harney outside. Starks attempted to move Harney out of the line of fire and said, "[w]atch out, boo." (*Id*. at 160.) Booker than shot at Starks and Harney "six or seven" times. (*Id*. at 161.) Starks fell to the ground. Harney called 911.

[5] Indianapolis Metropolitan Police Officer Chad Montgomery arrived at the scene, which he described as "very chaotic." (*Id*. at 197.) Other officers and EMS arrived shortly thereafter. Starks was alive when officers and EMS first arrived on the scene, but he died at the scene a short time later. Officer Montgomery observed Booker leaning against a truck in the driveway and testified that "unlike everybody else that was there he was very – very calm." (*Id*. at 199-200.) Officer Montgomery asked Booker "if he knew who had – who had done this . . . what happened" and Booker told Officer Montgomery that "he shot the – shot the victim." (*Id*. at 201.) Officer Montgomery then handcuffed Booker. After Booker arrived at the police station, Detective Lottie

Parker advised Booker of his *Miranda* rights.  Booker then told Detective Parker that he shot Starks.

[6]  On April 11, 2018, the State charged Booker with murder.[3]  Booker's jury trial was held on September 16-17, 2019.  The jury returned a guilty verdict of Level 2 felony voluntary manslaughter and the trial court entered a conviction thereof.  On November 1, 2019, the trial court sentenced Booker to twenty-five years, with five years suspended to probation.

# Discussion and Decision

[7]  We typically review rulings on the admission of evidence for an abuse of discretion.  *Pavlovich v. State*, 6 N.E.3d 969, 975 (Ind. Ct. App. 2014), *trans. denied*.  An abuse of discretion occurs if the trial court misinterprets the law or if its decision is clearly against the logic and effect of the facts and circumstances before it.  *Id*.

[8]  Booker did not object at trial to the admission of his confession to Officer Montgomery.  Failure to object at trial waives the issue on review unless fundamental error occurred.  *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013).  Fundamental error is an extremely narrow exception that applies only when the error amounts to a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental

---

[3] Ind. Code § 35-42-1-1.

due process. *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006). The claimed error must be so prejudicial to the rights of a defendant as to make a fair trial impossible. *Taylor v. State*, 717 N.E.2d 90, 93 (Ind. 1999).

[9] Booker argues the trial court committed fundamental error when it admitted his confession to Officer Montgomery at the scene because Officer Montgomery did not first advise Booker of his *Miranda* rights. However, even if the trial court erred in admitting Booker's statement to Officer Montgomery, such error was harmless and therefore does not constitute fundamental error. "Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party." *Crawford v. State*, 770 N.E.2d 775, 779 (Ind. 2002). The erroneous admission of evidence is harmless if it is cumulative of other evidence properly admitted. *Purvis v. State*, 829 N.E.2d 572, 585 (Ind. Ct. App. 2005), *trans. denied*.

[10] Here, after Booker was transported to the police station, Detective Parker advised him of his *Miranda* rights. After the advisement, Booker told Detective Parker that he killed Starks. Two eyewitnesses testified they saw Booker shoot Starks. Booker never denied he shot Starks. Rather, Booker testified he shot Starks in self-defense. Any error in the trial court's admission of Booker's confession to Officer Montgomery was harmless because it was cumulative of other properly-admitted evidence. *See Pelissier v. State*, 122 N.E.3d 983, 988 (Ind. Ct. App. 2019) (error is harmless when it is cumulative of other properly-admitted evidence), *trans. denied*.

# Conclusion

Any error in the admission of Booker's statement to Officer Montgomery during which he confessed to shooting Starks was harmless because it was cumulative of Booker's later confession, Booker's statements at trial, and eyewitness testimony. Accordingly, we affirm Booker's conviction of Level 2 felony voluntary manslaughter.

Affirmed.

Riley, J., and Altice, J., concur.