Anthony BROWN, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–0708–PC–692.

Court of Appeals of Indiana.

Feb. 22, 2008.

Rehearing Denied April 24, 2008.

Susan K. Carpenter, Public Defender of Indiana, Cassandra J. Wright, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Anthony Brown appeals the post-conviction court's denial of his petition for post-conviction relief. Brown raises two issues for our review, which we consolidate and restate as whether his appellate counsel on direct appeal provided ineffective assistance.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In Brown's direct appeal, we stated the relevant facts as follows:

On December 21, 2002, Mance Tutt, an Indianapolis Park Ranger, was working off-duty as a security officer at an Indianapolis gas station on 38th Street. A woman approached him asking for assistance because there had been an altercation at a nearby pizza business. Ranger Tutt placed a radio call to the Indianapolis Police Department to report the woman's statement.

Officer Andrew Lamle and Officer Frank Miller, who were in their separate marked police vehicles close to the pizza business, heard the radio transmission and responded to the call. Officer Lamle arrived first and saw a vehicle parked in the back of the building with a man leaning into the passenger side window. When the man noticed Officer Lamle's vehicle, he ran into the back door of the business, and the driver of the vehicle, later identified as Brown, sped off onto 38th Street, failing to yield to oncoming traffic. Officers Lamle and Miller turned on their emergency lights and pursued Brown.

Brown drove approximately sixty miles per hour in a thirty-five mile per hour zone. Brown made a quick right turn, crossing a lane of traffic, onto Station Street and ran over a stop sign. As Brown corrected his vehicle, Officer Lamle heard shots fired, so he notified dispatch and slowed his vehicle. Officer Lamle then instructed Officer Miller to follow Brown while Officer Lamle took another route to intercept Brown's vehicle. When Officer Lamle arrived at the location where he expected to see Brown's vehicle, he observed the vehicle coming toward him at a very low rate of speed, "smoking and steaming." Tr. p. 184. Brown's vehicle eventually came to a stop at the intersection of 32nd Street and Sherman Drive.

As Officer Lamle and Officer Miller exited their vehicles, they observed a rifle coming out of Brown's driver side window. The rifle was pointed upward and then Brown pointed it in the direction of the officers. Officer Lamle jumped back into his vehicle and exited on the other side, taking cover at the back of his vehicle. Brown fired shots at the officers, and Officer Lamle could hear bullets "whizzing by" his right ear. Tr. p. 200. Officer Miller took cover in the rear wheel well of his vehicle. Glass fell on his head and sparks hit the pavement near his body as bullets passed through his vehicle. Officer Miller sustained a small graze wound to his left leg. Officer Miller fired back, shooting fifteen rounds.

Officer Linda Jackson arrived and parked her vehicle slightly behind and to the left of Officer Lamle's vehicle. As Officer Jackson parked her vehicle, she heard gunfire, so she dove out of her vehicle. As her second foot hit the ground, she was shot in the back of the leg. Officer Jackson's vehicle sustained no damage.

The police began yelling at Brown to surrender. Brown brought the rifle inside the vehicle, then threw the rifle out of the window. In total, Brown shot at least thirty-four rounds of ammunition from the rifle at the three officers. Brown began to crawl out of his vehicle window, and the officers rushed in and pulled him out onto the ground. Brown was crying, saying he was sorry. Officer Paul Vanek had arrived at the scene during the shooting, and he was the first officer to apprehend and handcuff Brown. Officer Vanek patted down Brown to check for other weapons, and he retrieved a baggie of marijuana. Brown then stated that he had more drugs inside his pants and a .38 handgun in his vehicle. Officer Vanek retrieved 17.1817 grams of crack cocaine from Brown's pants and the handgun from the vehicle.

On December 22, 2002, a Fox News reporter interviewed Brown while he was in jail. Brown complained that the police had defaced his vehicle with holes and that he shot the officers behind his vehicle because they had been chasing him. Brown told the reporter that he knew he had shot an officer "when [he] saw them cart her dumb ass into an ambulance." Appellant's App. p. 245. On December 23, 2002, the State charged Brown with three counts of attempted murder for shooting at Officers Lamle, Miller, and Jackson, one count of dealing in cocaine, one count of possession of cocaine while possessing a firearm, possession of cocaine, resisting law enforcement, carrying a handgun without a license, and possession of marijuana.

A jury trial was held May 10–12, 2004. The jury found Brown guilty on all counts; the trial court merged the conviction for possession of cocaine into the conviction for dealing in cocaine and the conviction for carrying a handgun without a license into the conviction for possession of cocaine and a firearm.... The trial court went on ... to impose ... an aggregate sentence of 126 years....

*Brown v. State*, 827 N.E.2d 659, No. 49A02-0408-CR-677, slip op. at 2-5 (Ind.Ct. App., 2005) (alteration original) ("*Brown I*").

On direct appeal, Brown argued that the State presented insufficient evidence to prove that he intended to kill Officer Andrew Lamle, that his sentence violated *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and that his 126–year sentence was inappropriate. Brown did not appeal any of his other convictions. This court affirmed his conviction for the attempted murder of Officer Lamle and Brown's sentence. On March 2, 2007, Brown filed an amended petition for post-conviction relief, which the court denied after an evidentiary hearing. This appeal ensued.

## DISCUSSION AND DECISION

■ Brown contends that the post-conviction court erred in denying his petition for relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Saylor v. State*, 765 N.E.2d 535, 547 (Ind.2002). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Saylor*, 765 N.E.2d at 547. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* Further, the post-conviction court in this case entered findings of fact and conclusions of law in accordance with Indiana

Post–Conviction Rule 1(6). "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.*

Brown asserts that he did not receive the effective assistance of appellate counsel on direct appeal. A claim of ineffective assistance of counsel must satisfy two components. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687–88, 104 S.Ct. 2052. Second, the defendant must show prejudice: a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052.

Further, our Supreme Court has stated: Ineffectiveness is rarely found when the issue is failure to raise a claim on direct appeal. *Bieghler v. State,* 690 N.E.2d 188, 193–94 (Ind.1997). " 'The decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel.' " *Id.* (quoting Lissa Griffin, *The Right to Effective Assistance of Appellate Counsel,* 97 W. Va. L.Rev. 1, 26 (1994)). We give considerable deference to appellate counsel's strategic decisions and *will not find deficient performance in appellate counsel's choice of some issues over others when the choice was reasonable in light of the facts of the case and the precedent available to counsel at the time the decision was made. Bieghler,* 690 N.E.2d at 194. We review the totality of appellate counsel's performance to determine whether the defendant received constitutionally adequate assistance. *Id.*

*Taylor v. State,* 717 N.E.2d 90, 94 (Ind. 1999) (emphasis added). However, a notable exception to those general rules exists when appellate counsel "fail[ed] to raise an issue of first impression where a plain reading of the statute demonstrated that [the defendant] is entitled to immediate relief." *Reed v. State,* 856 N.E.2d 1189, 1197 (Ind.2006).

Here, Brown's appellate counsel on direct appeal did not challenge his conviction for possession of cocaine and a firearm, a Class C felony. On appeal from the denial of his petition for post-conviction relief, Brown asserts that his appellate counsel rendered ineffective assistance in not challenging that conviction. Specifically, Brown argues that his counsel was ineffective for not raising each of the following issues: (1) his conviction for possession of cocaine and a firearm is a lesser-included offense of his conviction for dealing in cocaine; and (2) his convictions for both possession of cocaine and a firearm and for dealing in cocaine violate his double jeopardy rights under the Indiana Constitution. We address each argument in turn.

**Lesser–Included Offense**

First, Brown alleges that his appellate counsel failed to raise the issue of whether his conviction for possession of cocaine and a firearm was a lesser-included offense of his conviction for dealing in cocaine. At the time Brown committed those crimes, the Indiana Code defined dealing in cocaine, as a Class A felony, as: "A person who[ ] possesses, with intent to[ ] deliver[,] cocaine ... commits dealing in cocaine, ... a Class B felony.... The offense is a Class A felony if[ ] the amount of the drug involved weighs three (3) grams or more[.]" Ind.Code § 35–48–4–1 (2002). And Indiana Code Section 35–48–

4–6, entitled "Possession of a narcotic drug," defined possession of cocaine and a firearm, a Class C felony, as follows:

> (a) A person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses cocaine (pure or adulterated) . . . commits possession of cocaine, . . . a Class D felony, except as provided in subsection (b).
>
> (b) The offense is:
>
> (1) a Class C felony if:
>
> * * *
>
> (B) the person was also in possession of a firearm. . . .

Subsequent to *Brown I*, our Supreme Court held that possession of cocaine and a firearm is a lesser-included offense of dealing in cocaine. *Hardister v. State*, 849 N.E.2d 563, 575 (Ind.2006). As the court stated:

> The additional circumstance relied on here—possession of a firearm—is of course a fact necessary to conviction of the elevated crime, and therefore must be found by a jury under *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In that limited sense, possession of a firearm is an "element" of the elevated crime. But because possession of a firearm serves only to enhance the penalty for Class D possession of cocaine that is committed without possession of a firearm, possession of a firearm does not establish a separate crime.

*Id.* Accordingly, Brown argues in this appeal that the post-conviction court erred in not applying the rationale of *Hardister* to his claim for relief. We cannot agree.

*Hardister*, an opinion decided by our Supreme Court after the resolution of Brown's direct appeal, does not apply to Brown's assertions of ineffective assistance of appellate counsel. As noted above, "[w]e . . . will not find deficient performance in appellate counsel's choice of some issues over others when the choice was reasonable in light of the facts of the case and the precedent available to counsel at the time the decision was made." *Taylor*, 717 N.E.2d at 94 (citation omitted). As *Hardister* was not "precedent available to counsel at the time" of Brown's direct appeal, his counsel cannot have rendered ineffective assistance in not relying on it. *See id.; McCurry v. State*, 718 N.E.2d 1201, 1206 (Ind.Ct.App.1999), *trans. denied.*

However, Brown also argues that the case law available at the time of his direct appeal required his appellate counsel to conclude that possession of cocaine and a firearm was a lesser-included offense of dealing in cocaine. It is certainly true, as Brown suggests, that our Supreme Court's decision in *Hardister* can be reconstructed from the case law available to Brown's counsel on direct appeal. Most notably, in *Allen v. State*, 798 N.E.2d 490, 503 (Ind.Ct. App.2003), Judge Sullivan stated in a concurring opinion that "Counts I and II did not allege separate and distinct crimes. Rather, Count I alleged possession of cocaine as also alleged in Count II, but added that Allen also possessed a handgun at the time, thereby elevating the offense from a Class D felony to a Class C felony." And Brown correctly notes that, at the time of his direct appeal, a number of cases had held possession of cocaine to be a lesser-included offense of dealing in cocaine. *See, e.g., Molino v. State*, 546 N.E.2d 1216, 1219 (Ind.1989).

Further, in *Belser v. State*, 727 N.E.2d 457, 462 (Ind.Ct.App.2000), *trans. denied*, we noted the following in reversing all but one of the defendant's five convictions for arson:

the charges we examine today are merely enhanced charges of the base offense of arson. For instance, Count I in the present case is the base offense of arson with the addition that the property is a dwelling. This increases the offense from a Class D felony to a Class B felony. Similarly, Counts II through V begin with the base offense of arson and include the particular condition of endangerment to human life, which also enhances the offense from a Class D felony to a Class B felony. Belser has therefore been convicted and sentenced for five counts of arson based upon the intentional setting of one fire.

Thus, Brown continues, his appellate counsel should have recognized that possession of cocaine and a firearm was nothing more than an enhancement of possession of cocaine, which is a lesser-included offense of dealing in cocaine.

Brown's analysis has the benefit of hindsight. The majority of pre-*Hardister* cases featuring the crime of possession of cocaine and a firearm assumed, albeit without discussion, that possession of cocaine and a firearm was a crime distinct from dealing in cocaine. For example, in *Massey v. State*, 816 N.E.2d 979, 983–84 (Ind.Ct.App.2004), the defendant was convicted of dealing in cocaine, as a Class A felony, and possession of cocaine and a firearm, a Class C felony. On appeal, he challenged the sufficiency of the State's evidence supporting each of those convictions, but we affirmed. And in *Collins v. State*, 822 N.E.2d 214, 216–17 (Ind.Ct.App. 2005), *trans. denied*, a jury found the defendant guilty of possession of cocaine, possession of cocaine and a firearm, and possession of a firearm by a serious violent felon. On appeal, we vacated the defendant's conviction for possession of cocaine and a firearm, but not because that conviction conflicted with the defendant's conviction for possession of cocaine. Rather, we reversed that conviction because it violated the defendant's double jeopardy rights with respect to his additional conviction for possession of a firearm by a serious violent felon:

> Collins states in his brief on appeal that the trial court "merged" the possession of cocaine and a firearm count into the possession of a firearm by a serious violent felon count at sentencing. Our review of the CCS indicates that the trial court entered judgment of conviction for both of those verdicts related to Collins' possession of a firearm, which is improper [for double jeopardy purposes]. As such, we remand with instructions to the trial court to vacate Collins' conviction for possession of cocaine and a firearm.

*Id.* at 217 n. 5 (citations omitted.)

Similarly, in *Allen v. State*, 787 N.E.2d 473, 476–77 (Ind.Ct.App.2003), *trans. denied*, the defendant was convicted of dealing in cocaine, as a Class A felony; possession of cocaine and a firearm, a Class C felony; and possession of cocaine, as a Class C felony. Allen's conviction for possession of cocaine, as a Class C felony, was based on Indiana Code Section 35–48–4–6(b)(1)(A), a different subsection of the same statute defining possession of cocaine and a firearm. *Id.* at 476 nn. 2, 3. The trial court "merged Allen's conviction for possession of cocaine with the conviction for dealing in cocaine" and then sentenced Allen "to twenty years for dealing in cocaine ... [and] six years for possession of cocaine and a firearm...." *Id.* at 477. On appeal, we affirmed those convictions. *Id.* at 475.

Again, we do not disagree with Brown's suggestion that, had counsel raised on direct appeal the issue that possession of cocaine and a firearm was a lesser-included offense of dealing in cocaine, a plausible

argument may have been made. But the standard here is not whether case law subsequent to the direct appeal can be reconstructed with prior case law; it is whether Brown's appellate counsel acted reasonably at the time. *See Taylor,* 717 N.E.2d at 94. Given the case law applying the statute at the time of Brown's direct appeal, we must conclude that Brown's appellate counsel acted reasonably in not raising this issue.

■ Finally, Brown also asserts that "it should have been obvious to appellate counsel" from "[a] plain reading of the statutory language" that possession of cocaine and a firearm was merely an enhanced version of possession of cocaine, and therefore was a lesser-included offense of dealing in cocaine. *See* Reply at 3, 6. As stated above, in *Reed,* our Supreme Court noted that appellate counsel may render ineffective assistance if he or she "fail[s] to raise an issue of first impression where a plain reading of the statute demonstrated that [the defendant] is entitled to immediate relief." 856 N.E.2d at 1197. We cannot agree that *Reed* applies here.

■ Generally speaking, "[a] lesser offense is 'inherently included' if it may be established by proof of the same material elements or less than all the material elements defining the greater offense." *McGowan v. State,* 671 N.E.2d 1210, 1212 (Ind.Ct.App.1996). Based on the plain text of the statutes at issue here, however, to convict Brown of possession of cocaine and a firearm, a Class C felony, the State was required to prove beyond a reasonable doubt that Brown possessed a firearm. *See* I.C. § 35–48–4–6(b)(1)(B). That requirement is not present in the definition of dealing in cocaine, as a Class A felony. *See* I.C. § 35–48–4–1. Likewise, to convict Brown of dealing in cocaine, as a Class A felony, the State was required to prove beyond a reasonable doubt that Brown had the intent to deliver cocaine, which is not required for possession of cocaine and a firearm, a Class C felony. *See id.;* I.C. § 35–48–4–6(b)(1)(B). As such, it could not have been "obvious" to Brown's appellate counsel that possession of cocaine and a firearm was a lesser-included offense of dealing in cocaine. "[A] plain reading of the statute" does not demonstrate that Brown would have been entitled to immediate relief had his appellate counsel raised this issue. *See Reed,* 856 N.E.2d at 1197. We cannot say that Brown was denied the effective assistance of his appellate counsel.

**Double Jeopardy**

■ Brown also argues that his appellate counsel rendered ineffective assistance "for failing to raise that Brown's convictions for both Possession of Cocaine [and a Firearm] and Dealing in Cocaine subjected him to double jeopardy for the same offense." Appellant's Brief at 12. However, Brown recognizes that his double jeopardy argument is premised on the application of *Hardister* to his petition for post-conviction relief. As discussed above, *Hardister* does not apply here. Accordingly, Brown's counsel did not provide him ineffective assistance for treating his conviction for possession of cocaine and a firearm as separate and distinct from his conviction for dealing in cocaine.

Affirmed.

BAILEY, J., and CRONE, J., concur.