Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**STEPHEN T. OWENS**
Public Defender of Indiana

**EMILY J. WITNEY**
Deputy Public Defender
Indianapolis, Indiana

FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1209-PC-476 |
| | ) | |
| MARK M. HAIRSTON, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Robert J. Schmoll, Senior Judge
Cause No. 02D04-0708-PC-95

**March 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

In 2005, a jury convicted Mark M. Hairston of multiple felonies, including class A felony kidnapping, class B felony aiding criminal deviate conduct, two cocaine-related offenses, and battery. The jury also found him to be a habitual offender and a repeat sexual offender. The trial court sentenced him to 147 years. On direct appeal in 2006, this Court affirmed his convictions and sentence.

Hairston later filed a petition for post-conviction relief, claiming that his appellate counsel provided ineffective assistance by failing to raise on direct appeal the issue of insufficiency of evidence to prove the habitual offender count against him. The post-conviction court agreed and vacated his thirty-year habitual offender enhancement.

The State now appeals, claiming that the post-conviction court erred in vacating the habitual offender finding against Hairston. We reverse.

## Facts and Procedural History

In March 2005, J.W. and her friend went to Hairston's home to pay a debt. While there, they smoked crack cocaine with Hairston and several of Hairston's friends. Later that night, Hairston told J.W. that her debt was not paid and that she was not allowed to leave. Over the next several days, Hairston repeatedly ordered J.W. to forge and cash checks belonging to another woman. At one point, when J.W. was unsuccessful at cashing a check, Hairston beat her and forced her into a cubbyhole under his staircase. He would not allow her out of the cubbyhole except to have forced sex with several different men or to perform oral sex on a man while Hairston watched. J.W. was eventually able to call 911 while

2

attempting to cash another check, and police apprehended Hairston.

The State charged Hairston with class A felony kidnapping, two counts of class B felony criminal deviate conduct (later dismissed), class B felony aiding criminal deviate conduct, class B felony dealing cocaine, class C felony possession of cocaine, class C felony aiding battery, and class A misdemeanor battery. The State later added a habitual offender count and a repeat sexual offender count. A jury found Hairston guilty of the charged crimes and subsequently found him to be a habitual offender and repeat sexual offender. The trial court sentenced him to 147 years, which included a thirty-year enhancement for the habitual offender finding and a ten-year enhancement for the repeat sexual offender finding.

Hairston filed a direct appeal, in which his newly appointed counsel raised three issues: sufficiency of evidence to support his kidnapping conviction, sufficiency of evidence to support his aiding criminal deviate conduct conviction, and the appropriateness of his sentence. Another panel of this Court affirmed his convictions and sentence in a memorandum decision. *Hairston v. State*, No. 02A03-0602-CR-94 (Ind. Ct. App. Dec. 14, 2006).

Hairston subsequently filed a petition for post-conviction relief, claiming that his appellate counsel provided ineffective assistance by failing to challenge the sufficiency of evidence to support the habitual offender finding. After a hearing, the post-conviction court issued an order granting his petition and vacating the habitual offender count. Regarding the habitual offender enhancement, the post-conviction court found in pertinent part,

> 7.     At the evidentiary hearing in this cause [Hairston] produced evidence from [trial counsel] Kraus that she had stated to [appellate counsel]

3

Witte that there was an issue relating to the habitual offender phase that should be raised upon appeal.

8. At the evidentiary hearing in this cause appellate counsel … Witte, testified that attorney Kraus had in fact mentioned the issue relating to the habitual offender. [Appellate counsel] Witte further testified that he did not know why he did not raise that issue on appeal.

9. As set out above, [Hairston] was found to be a habitual offender as it related to count IX of the charging information[]. The State alleged that [Hairston] had accumulated two prior unrelated felony convictions. One in 02D04-9604-DF-204 [the 1996 sexual battery] and the second conviction in 02C01-8906-CF-99 and/or 02C01-8906-CF-99A [the 1989 robbery].

10. The prosecutor called the lead detective in the [1996 sexual battery] cause, Ken Clement [sic] to testify that [Hairston] was the same person involved in the criminal case which was referenced in the State's exhibit 79 [02D04-9604-DF-204].

11. In examining the record there does not appear any supporting evidence to connect [Hairston] as to the items contained in [S]tate's exhibit 80 [02C01-8906-CF-99].

12. When the State rested in the habitual offender phase of the trial Attorney Kraus requested a directed verdict. Among other things she noted that on April 3, 1997, the Indiana Court of Appeals vacated the habitual offender enhancement imposed in the [1996 sexual battery] cause because there was insufficient evidence to connect [Hairston] to the defendant in one of the predicate offenses, the [1989 robbery]. Hairston v. State, 02A03-9611-CR-412 (Ind. App. 1997 memorandum opinion). Attorney Kraus argued that the State used substantially the same evidence to prove [Hairston's] habitual offender status in that case as it did in this cause. Attorney Kraus cited cases stating that certified copies of the judgment must be supported by evidence that identifies the defendant as being the same person named in the documents.

13. The Court denied the directed finding.

14. During the evidence presented at the trial there was conflicting evidence presented as to the defendant in the [1989 robbery] cause's

4

date of birth.

....

16.    There exists the probability that the result of [Hairston's] appeal would have been different had the appellate counsel raised the issue of the evidence on the habitual offender enhancement.

17.    [Hairston] has therefore shown by a preponderance of the evidence that appellate counsel was in fact ineffective.

18.    The Petition for Post-Conviction Relief is therefore granted as to the contention relating to the habitual offender enhancement.

19.    The Court therefore orders that the Habitual Offender finding on Count IX be vacated.

Appellant's App. at 520-21.

The State now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

The State challenges the post-conviction court's judgment granting Hairston's petition for post-conviction relief. The petitioner in a post-conviction proceeding "bears the burden of establishing grounds for relief by a preponderance of the evidence." Ind. Post-Conviction Rule 1(5); *Brown v. State*, 880 N.E.2d 1226, 1229 (Ind. Ct. App. 2008), *trans. denied.* When issuing its decision to grant or deny relief, the post-conviction court must issue findings of fact and conclusions of law. Ind. Post-Conviction Rule 1(6). When the State appeals a judgment granting post-conviction relief, we apply the clearly erroneous standard of review prescribed by Indiana Trial Rule 52(A). *State v. Hammond*, 761 N.E.2d 812, 814 (Ind. 2002). In conducting such review, we neither reweigh evidence nor judge witness credibility; rather, we consider only the evidence and reasonable inferences most favorable to

5

the judgment. *Id.* "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Brown*, 880 N.E.2d at 1230 (citation and quotation marks omitted).[1]

In his petition for post-conviction relief, Hairston claimed that he received ineffective assistance of counsel based on his appellate counsel's failure to challenge the sufficiency of evidence to support the habitual offender finding. A petitioner must satisfy two components to prevail on an ineffective assistance claim. *Id.* He must demonstrate both deficient performance and prejudice resulting from it. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Brown*, 880 N.E.2d at 1230. We assess counsel's performance based on facts that are known at the time and not through hindsight. *Shanabarger v. State*, 846 N.E.2d 702, 709 (Ind. Ct. App. 2006), *trans. denied*. "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing

---

[1] The State relies on *Weatherford v. State*, 619 N.E.2d 915 (Ind. 1993), and *Lingler v. State*, 644 N.E.2d 131 (Ind. 1994), in asserting that in a post-conviction proceeding, Hairston must "demonstrate that he was not an habitual offender under the laws of the state" and cannot prevail merely by asserting that the State did not carry its burden of proof. *Weatherford*, 619 N.E.2d at 917-18. We disagree. To the extent that the State essentially challenges the propriety of raising the habitual offender challenge via an ineffective assistance claim, we note that based on Post-Conviction Rule 1(8) and our supreme court's more recent decisions, a habitual offender sufficiency challenge could not be raised as a freestanding claim of error in a post-conviction proceeding today. *See, e.g.*, *Canaan v. State*, 683 N.E.2d 227, 235 (Ind. 1997) ("An available grounds for relief not raised at trial or on direct appeal is not available as a grounds for collateral attack."). Rather, "[i]n post-conviction proceedings, complaints that something went awry at trial are generally cognizable *only when they show deprivation of the right to effective counsel* or issues demonstrably unavailable at the time of trial or direct appeal." *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002) (emphasis added). Hairston properly presented his challenge to the habitual offender finding via an ineffective assistance of counsel claim, and we review it accordingly.

evidence to overcome this presumption." *Ritchie v. State*, 875 N.E.2d 706, 714 (Ind. 2007).

Prejudice occurs when a reasonable probability exists that, "but for counsel's errors the result of the proceeding would have been different." *Brown*, 880 N.E.2d at 1230. We can dispose of claims upon failure of either component. *Id*.

The standard of review for a claim of ineffective assistance of appellate counsel is identical to the standard for trial counsel. *Lowery v. State*, 640 N.E.2d 1031, 1048 (Ind. 1994), *cert. denied* (1995). The petitioner must establish deficient performance by appellate counsel resulting in prejudice. *Id.* "Ineffective assistance of appellate counsel claims generally fall into three basic categories: (1) denial of access to an appeal, (2) waiver of issues, and (3) failure to present issues well." *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008). "[T]he decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel." *Reed v. State*, 856 N.E.2d 1189, 1196 (Ind. 2006). In evaluating whether appellate counsel performed deficiently by failing to raise an issue on appeal, we apply the following test: (1) whether the unraised issue is significant and obvious from the face of the record and (2) whether the unraised issue is "clearly stronger" than the raised issues. *Henley*, 881 N.E.2d at 645. For countless years, experienced advocates have "emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues." *Bieghler v. State*, 690 N.E.2d 188, 194 (Ind. 1997), *cert. denied* (1998) (citation and quotation marks omitted). Thus, when reviewing these types of claims, we should be particularly deferential to appellate counsel's strategic decision to exclude certain issues in favor of other issues more

7

likely to result in a reversal. *Id.* As a result, "[i]neffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal." *Reed*, 856 N.E.2d at 1196.

In Hairston's direct appeal, counsel raised sufficiency of evidence challenges to two of the counts on which he was convicted and a challenge to the appropriateness of his 147-year sentence pursuant to Indiana Appellate Rule 7(B). Counsel argued that the evidence was insufficient to support the kidnapping conviction because J.W. had been afforded some freedom of movement that involved being sent out of the house to cash checks. Counsel also challenged the sufficiency of evidence to support the aiding in criminal deviate conduct conviction by claiming that witness testimony tended to indicate that Hairston did not take part in the sexual crimes committed against J.W. With respect to his sentence, he received maximum and consecutive terms for each conviction and argued that the severity of so long a term rendered it inappropriate in light of the nature of the offenses and his character. Another panel of this Court rejected these arguments and affirmed Hairston's convictions and sentence.

To establish that Hairston is a habitual offender, the State was required to prove beyond a reasonable doubt that he had been previously convicted of two separate and unrelated felonies. Ind. Code § 35-50-2-8. To be "unrelated," the defendant must have committed the second felony after being sentenced for the first and must have been sentenced for the second felony prior to committing the current felony for which the enhanced sentence was sought. *Lewis v. State*, 769 N.E.2d 243, 246 (Ind. Ct. App. 2002), *trans. denied*.

> While certified copies of judgments or commitments containing the same or similar name as the defendant may be introduced to prove the commission of prior felonies, there must be other supporting evidence to identify defendant as the same person named in the documents. This proof of identity may be in the form of circumstantial evidence. A sufficient connection between the documents and the defendant is made if the evidence yields logical and reasonable inferences from which the trier of fact may determine it was indeed the defendant who was convicted of the two felonies alleged.

*Baxter v. State*, 522 N.E.2d 362, 365 (Ind. 1988).

At the post-conviction hearing, Hairston claimed that the State did not present sufficient evidence of his identity to connect him to the 1989 robbery. During the habitual offender phase of Hairston's trial, the State introduced Exhibits 79 and 80 as certified documentary evidence of prior unrelated felony convictions committed by a person named "Mark M. Hairston." State's Exhibit 79 contains certified documentation regarding Hairston's 1996 class D felony sexual battery conviction and consists of the chronological case summary ("CCS"), charging information, and judgment of conviction. It contains Hairston's name, mailing address, birthdate ("8/7/1967"), and social security number. State's Ex. 79. As supporting evidence, the investigating officer in Hairston's 1996 sexual battery case, Detective Garry Hamilton, positively identified Hairston as the person convicted of sexual battery in 1996. Thus, having positively established by supporting testimony Hairston's identity as the convicted person described in Exhibit 79, the State provided the link between the "Mark M. Hairston" present in the courtroom and the "Mark M. Hairston" described in State's Exhibit 79 as the person convicted of the 1996 sexual battery felony. Consequently, the jury could use its powers of observation to compare that information with the information contained in Exhibit 80 and draw reasonable inferences therefrom.

9

State's Exhibit 80 consists of certified copies of the CCS, charging information, dockets, judgment of conviction, and sentencing order for the 1989 robbery. This exhibit lists the person convicted of the 1989 robbery as bearing the identical name and street address as that which had been established in Exhibit 79 and supported by Detective Hamilton's testimony as being Hairston's. Exhibit 80 lists the convicted person's date of birth as "8/7/66 or *8/7/67*," the latter of which is established by both State's Exhibit 79 and other evidence in the record as Hairston's date of birth. State's Ex. 80 (emphasis added). The social security number listed in State's Exhibit 80 appears in both full and redacted form. In its full form, there is a discrepancy in one of the middle digits when compared with the full social security number listed in State's Exhibit 79. On that basis, the post-conviction court characterized the State's habitual offender exhibits as "conflicting" and concluded that "[t]here exists the probability that the result of [Hairston's] appeal would have been different had the appellate counsel raised the issue of the evidence on the habitual offender enhancement." Appellant's App. at 520-21.

We disagree and note that such discrepancies are not dispositive. In *Lewis v. State*, 554 N.E.2d 1133 (Ind. 1990), our supreme court found the evidence sufficient to support a habitual offender finding despite a discrepancy between the defendant's social security number in the documents pertaining to the prior convictions and the social security number that he gave to the jailer when incarcerated for his current conviction. *Id*. at 1137.

Both Hairston (via a motion for directed verdict on the habitual offender count) and the post-conviction court (in its findings) emphasized this Court's vacation of Hairston's

10

habitual offender finding in his 1997 direct appeal of his sexual battery conviction for failure to connect him to the predicate offenses. However, our supreme court has held that a previous habitual offender outcome involving the same defendant is not relevant even where the predicate offenses were the same. *Mers v. State*, 496 N.E.2d 75, 80 (Ind. 1986). Rather, the previous determination merely establishes that based on the evidence presented at that time, the defendant should not have been sentenced as a habitual offender with respect to the predicate offenses then existing. *Id*. Also, in contrast to the present case, the State in Hairston's 1996 sexual battery case did not present any supporting testimony linking the defendant sitting in the courtroom (Hairston) to the convicted person listed in the predicate offense documents. In contrast, here, the trial court denied Hairston's motion for directed verdict, noting that, this time, there was supporting testimony connecting Hairston to the convicted person listed in the certified documents. The trial court concluded that the jury could evaluate the testimony as well as the similarities and minor discrepancies contained in the documents and reach its decision on the habitual offender count.

Hairston's jury, acting within its province as factfinder, used the supporting testimony and the circumstantial evidence contained in the certified documents to draw the reasonable inference that the "Mark M. Hairston[s]" listed in the certified documents, living at the same address, and bearing the same birth date and an almost identical social security number, were not two separate persons, but one person—the Hairston sitting before them in the courtroom. The minor deviation between the numbers was a matter for the factfinders to weigh, not for a subsequent tribunal to reweigh. As such, we conclude that the unraised challenge to the

11

habitual offender finding is not "significant and obvious from the face of the record." *Henley*, 881 N.E.2d at 645.

Likewise, the habitual offender issue is not "clearly stronger" than the issues raised in Hairston's direct appeal. *Id.* Hairston raised two sufficiency issues on direct appeal: sufficiency of evidence to support his kidnapping conviction and sufficiency of evidence to support his aiding in deviate conduct conviction. As previously noted, the evidence concerning the victim's comings and goings from Hairston's home to cash the fraudulent checks indicated that she might have had some freedom of movement during her alleged confinement. When she eventually called 911, she was unaccompanied inside a store where she was attempting to cash a check. The evidence regarding the perpetration of sex offenses against the victim implicated persons other than Hairston. On direct appeal, Hairston also challenged his sentence as inappropriate. This challenge was worthwhile, since he received maximum and consecutive sentences for each conviction and an aggregate term of nearly 150 years. Notably, this Court characterized Hairston's sentence as "severe" before concluding that it was not inappropriate due to horrific nature of his offenses and his extensive criminal history. Petitioner's Ex. H. Simply put, a sufficiency challenge to the habitual offender finding would not have been "clearly stronger" than the other issues raised in Hairston's direct appeal, and there is not a reasonable probability that raising it would have changed the outcome of that appeal.

Based on the foregoing, we conclude that the post-conviction court clearly erred in concluding that Hairston's appellate counsel provided ineffective assistance and in vacating

Hairston's habitual offender count on that basis.  Accordingly, we reverse.

Reversed.

KIRSCH, J., and BARNES, J., concur.